## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA     | : | **Case No: 21-CR-362**       |
|                              | : |                              |
|                              | : |                              |
| v.                           | : | **40 U.S.C. § 5104(e)(2)(G)** |
|                              | : |                              |
|                              | : |                              |
| ANDREW MICHAEL CAVANAUGH     | : |                              |
|                              | : |                              |
|                              | : |                              |
| Defendant.                   | : |                              |
|                              | : |                              |

### STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, ANDREW MICHAEL CAVANAUGH, with the concurrence of his attorney, agree and stipulate to the below factual basis for the defendant's guilty plea—that is, if this case were to proceed to trial, the parties stipulate that the United States could prove the below facts beyond a reasonable doubt:

### *The Attack at the U.S. Capitol on January 6, 2021*

1.  The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol.

2.  On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public.

3. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4. As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

5. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades, and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd submitted to security screenings or weapons checks by U.S. Capitol Police Officers or other authorized security officials.

6. At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol;

however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol,
including by breaking windows and by assaulting members of law enforcement, as others in the
crowd encouraged and assisted those acts. The riot resulted in substantial damage to the U.S.
Capitol, requiring the expenditure of more than $1.4 million dollars for repairs.

7.      Shortly thereafter, at approximately 2:20 p.m., members of the United States
House of Representatives and United States Senate, including the President of the Senate, Vice
President Pence, were instructed to—and did—evacuate the chambers. Accordingly, all
proceedings of the United States Congress, including the joint session, were effectively
suspended until shortly after 8:00 p.m. the same day. In light of the dangerous circumstances
caused by the unlawful entry to the U.S. Capitol, including the danger posed by individuals who
had entered the U.S. Capitol without any security screening or weapons check, Congressional
proceedings could not resume until after every unauthorized occupant had left the U.S. Capitol,
and the building had been confirmed secured. The proceedings resumed at approximately 8:00
p.m. after the building had been secured. Vice President Pence remained in the United States
Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

### *Cavanaugh's Participation in the January 6, 2021, Capitol Riot*

8.      The defendant entered the U.S. Capitol on January 6, 2021, at approximately 2:23
p.m. through the Senate Wing Door, located on the West Side of the Capitol Building. The
defendant made his way to the Capitol Crypt at approximately 2:34 pm. Shortly thereafter, the
defendant walked through the Capitol Rotunda before exiting the building.

9.      Prior to the defendant's entry into the U.S. Capitol, the defendant—a veteran of
the United States Marine Corps—recognized that police had set up a perimeter to guard the
building. The defendant saw rioters ignore and break the perimeter, fighting law enforcement

officers who were attempting to hold the mob back. The defendant watched law enforcement deploy CS gas and used his military training to treat rioters' injuries.

10.     Once inside the Capitol, the defendant saw evidence of rioters' altercations with law enforcement inside the building. The defendant knew he should not have gone inside and tried to exit quickly.

11.     The defendant knew at the time he entered the U.S. Capitol Building that that he did not have permission to enter the building and the defendant paraded, demonstrated, or picketed.


                                Respectfully submitted,

                                MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

                    By:         _____/s/_____

                                Kathryn E. Fifield
                                Trial Attorney
                                U.S. Department of Justice, Crim. Div.
                                Detailed to the D.C. U.S. Attorney's Office
                                555 4th St. NW
                                Washington, D.C. 20350
                                Kathryn.fifield@usdoj.gov
                                (202) 320-0048

## DEFENDANT'S ACKNOWLEDGMENT

I, Andrew Michael Cavanaugh, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 2·16·2022

ANDREW MICHAEL CAVANAUGH
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 2.16.10 22

DAVID BOS
Attorney for Defendant