**United States District Court**
**For The District of Columbia**

| | |
|---|---|
| **United States of America,** <br><br> v. <br><br> **Andrew Michael Cavanaugh,** <br><br> **Defendant.** | **Case No. 21-cr-362 (APM)** |

## Motion for Early Termination of Probation

Pursuant to 18 U.S.C. § 3564(c), Mr. Andrew Cavanaugh, through undersigned counsel, respectfully moves this Court to terminate his term of probation early. Since the imposition of a 24 month period of probation, which began on August 4, 2022, Mr. Cavanaugh has done exceptionally well on supervision, has had no violations, and has completed his court ordered community service. The government indicates it opposes early termination, but for the reasons discussed below, termination of Mr. Cavanaugh's probation is warranted by his good conduct and in the interests of justice.

I.    **Relevant Background**

On February 17, 2022, Mr. Cavanaugh pleaded guilty to one count of Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104 (e)(2)(G). *See* Plea Ag't, ECF No. 28. On August 4, 2022, he was sentenced to 24 months' probation with the special conditions that he pay $500 in Restitution and that he complete 60 hours of community service. *See* Judgment

1

ECF No. 39. To this date, Mr. Cavanaugh has completed his special conditions of probation and has no further court ordered obligations.

## II.    Legal Standard

Under 18 U.S.C. § 3564(c), the court, after considering the factors set forth in section 3553(a), may "terminate a probation previously ordered and discharge the defendant at any time in the case of a misdemeanor….if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." According to the Federal Rules of Criminal Procedure, the court may modify the conditions of probation without a hearing as long as motion is favorable to the defendant and as long as the U.S. Attorney has received notification. Fed. R. Crim. Pro. 32.1(b).

The specified § 3553(a) factors to consider include:  the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public from the defendant, and to provide the defendant with needed educational or vocational training; the Sentencing Guidelines; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

## III.    Argument

Early termination of Mr. Cavanaugh's probation is warranted by his conduct and the interests of justice.

***First***, the relevant § 3553(a) factors support early termination of Mr. Cavanaugh's probation. After being sentenced in August 4, 2022, Mr. Cavanaugh took seriously the terms of his probation and worked diligently to complete all 60 hours of his court ordered community service as well as payment of the $500 Restitution required by his plea agreement and ordered by the Court. According to his probation officer, Mr. Cavanaugh has been compliant over the past year, completed his community service much quicker than expected, and is in Low Category 1, which is the lowest level that indicates he is the least likely to reoffend.

Mr. Cavanaugh has continued to run his construction business with his wife and is still working hard to support his three children. He still resides in Montana and has been supervised by the United States Probation Office in Helena, Montana.

***Second***, there is no indication that Mr. Cavanaugh will re-offend. Ever since the instant offense, he has focused on work and his family and has not engaged in similar behavior. The government has advised that it opposes Mr. Cavanaugh's request for early termination, however has not identified any reasons for its opposition. While the policy of the Montana Probation Office does not allow his officer to officially recommend early termination, Mr. Cavanaugh's probation officer does not oppose it and has identified several factors in support of his compliance.

***Third***, Mr. Cavanaugh has now successfully completed almost one year of probation, which is the critical period during which most problems arise. His compliance and absence of recidivism matches with the recent data obtained from the United States Sentencing Commission that indicated that individuals who were

in criminal history category one had the lowest rearrest rates by a significant degree when compared to offenders who had criminal histories.[1]

In fact, studies show that terminating an offender's supervision early does not compromise community safety, and it saves a significant amount of judicial resources.  Laura M. Baber & James L. Johnson, *Early Termination of Supervision: No Compromise to Community Safety*, Fed. Prob. 17, 21 (Sept. 2013) ("[T]he attributable cost avoidance [of early termination] is significant.")[2]; *see also* U.S. Courts, *Early Termination of Supervision Cost-Effective & Safe*, U.S. Courts (Sept. 24, 2013) (explaining that early termination saves time, money, and resources).[3]  In 2013, a report by the AO concluded "that offenders granted early termination under the current policies pose no greater danger to the community than offenders who serve a full term of supervision."  Baber & Johnson at 20.

Accordingly, the AO's Judicial Conference Committee on Criminal Law encourages courts and probation officers to consider early termination of supervision in cases just like this one:  where "the conditions of supervision have been met, and the offender has successfully reintegrated into the community and does not pose a foreseeable risk to public safety in general or to any individual third-party."  John M. Hughes, *Mem. to All Chief Probation Officers on New Criteria for Accessing Early Termination of Supervision* (Oct. 30, 2002); *see also* Baber &

---

[1] *See United States Sentencing Commission*, Recidivism of Federal Offenders Released in 2010, September 20, 2021, available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010

[2] Available at https://www.uscourts.gov/sites/default/files/77_2_2_0.pdf.

[3] Available at https://www.uscourts.gov/news/2013/09/24/early-termination-supervision-cost-effective-and-safe.

Johnson at 17 (explaining Judicial Conference policies "encourage[] probation officers to seek early termination as soon as offenders [are] statutorily eligible if the offender ha[s] satisfied the conditions of supervision, ha[s] successfully reintegrated into the community, and d[oes] not pose a foreseeable risk to public safety generally or to any individual third party"). As discussed above, Mr. Cavanaugh meets these criteria.

Courts should "align [their] resources effectively to address those cases that are more complex and pose the greatest risks to community safety, while reducing expenditures in less complex and lower risk cases when it is prudent to do so." Hon. Robert Holmes Bell, *Mem. on Cost-Containment Strategies Related to Probation and Pretrial Services Offices* (Feb. 16, 2012). Time and money spent supervising Mr. Cavanaugh should instead go towards providing reentry support to those with greater needs. Mr. Cavanaugh has shown that he does not require any further supervision.

Lastly, the interests of justice support early termination. Mr. Cavanaugh was on pre-trial supervision for over a year prior to being sentenced and now has completed almost one year of post sentencing supervision. His total of approximately two years of supervision has restricted his liberty and has required Mr. Cavanaugh to refrain from possessing a firearm. Mr. Cavanaugh used to hunt and go to the shooting range, however has not been able to do so for over two years due to the instant matter. He has accepted responsibility for his crime and served his sentence as an exceptional supervisee. There is no longer any need for any further restrictions of Mr. Cavanaugh's liberty.

## Conclusion

For the foregoing reasons, Mr. Cavanaugh respectfully requests that the Court grant this motion, terminate his term of probation, and discharge him.

                                            Respectfully submitted,

                                            A.J. KRAMER
                                            FEDERAL PUBLIC DEFENDER

                                            _____/s/_____
                                            Maria N. Jacob
                                            Assistant Federal Public Defender
                                            625 Indiana Ave. NW, Ste. 550
                                            Washington, D.C. 20004
                                            (202) 208-7500